## MASSEY v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5533.

Circuit Court of Appeals, Sixth Circuit.
June 11, 1931.

See, also, Lincoln Bank & Trust Co. v. Commissioner of Internal Revenue, 51 F. (2d) 78; Board v. Commissioner of Internal Revenue, 51 F.(2d) 73.

J. C. W. Beckham, Jr., and Elwood Hamilton, both of Louisville, Ky. (Woodward, Hamilton & Hobson, of Louisville, Ky., on the brief), for petitioner.

A. H. Conner, of Washington, D. C. (G. A. Youngquist, Asst. Atty. Gen., and Sewall Key, C. M. Charest, and Stanley Suydam, all of Washington, D. C., on the brief), for respondent.

Before DENISON, MOORMAN, and HICKENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge.

The petition for review in the above-entitled cause involves both the question of taxable income arising from the acquisition of leases of the Southwestern Petroleum Company and the Cliff Petroleum Company by the Old Dominion Oil Company, and the issue of capital stock of the latter company to the taxpayer incident to such transaction, and the question of taxable income arising by reason of the sale of the assets of the Old Dominion Oil Company, including a pipe line in which the taxpayer claimed an interest and by reason of which interest he received a payment of $18,130.66 in the year 1920, both as fully covered by our decision in the case of R. V. Board v. Commissioner, 51 F.(2d) 73, this day delivered. The order of the Board of Tax Appeals with reference to the first of these questions is reversed, and with reference to the second question is affirmed, upon the authority of the Board Case.

■ The petitioner here also claims that he was wrongfully assessed upon income to the amount of $7,134.16 for the year of 1919 under the following circumstances: Petitioner was the owner of 163 shares of the capital stock of the Dixie Motor Car Company, which went into dissolution, and during the year 1919 petitioner received in the liquidation an amount equal to his original investment plus $7,134.16. Thereafter, on May 18, 1925, the United States instituted an action against this petitioner and six other stockholders to collect $34,660.45 additional taxes and $17,330.23 penalties for false return, alleged to have been due by the corporation for the year ending January 1, 1919. This suit terminated by judgment for the petitioner and other defendants on May 18, 1925. U. S. v. Board et al. (D. C.) 14 F.(2d) 459. Presumably, therefore, the claim of the government was always without merit. We see no distinction in law between the claim now pressed by petitioner and the claims of petitioner and of R. V. Board, arising from the pipe line transaction already decided. Upon analogous principles the claim now urged is denied, and the order of the Board of Tax Appeals thereon is affirmed.

■ Petitioner also claims that he was improperly denied personal exemption as the head of a family during the years 1919, 1920, and 1921. Petitioner was a single man who maintained a home. During 1919 and a part of 1920 his mother lived with him, and during 1919, 1920, and 1921 his sister also lived with him and supervised the running of the household. The petitioner paid the expenses of the home and also his sister's expenses. At the hearing before the Board of Tax Appeals this claim was abandoned in so far as it was bottomed upon dependence of the mother. Nor is it clear to what extent the mother had had an independent income. The sister was a widow, between 42 and 43 years of age, and without separate estate or income of her own, except a small amount of stock in the Old Dominion Oil Company which was given her by the petitioner. The Board of Tax Appeals took the view that the taxpayer's adult sister had the status of an employee, rather than a dependent, and that contributions to her support were in return for the performance of the duties of a housekeeper, rather than by reason of any legal or moral obligation of support. Because of paucity of evidence upon this subject we are unable to say that the Board was wrong. Its order is therefore affirmed.

This cause is likewise remanded to the Board of Tax Appeals for redetermination of the tax for the years involved, in accordance with the foregoing opinion.