PAUL LUSTIG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

HALINA LUSTIG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 63603, 65477. Filed July 15, 1958.

*Paul Lustig, pro se,* in Docket No. 63603; *Halina Lustig, pro se,* in Docket No. 65477.

*Nat F. Richardson, Esq.,* for the respondent.

TIETJENS, *Judge:* The Commissioner determined the following deficiencies in income tax for 1954:

Docket No. 63603 _____ $115.00
Docket No. 65477 _____ 186.58

The question for decision is which of the taxpayers contributed more than one-half of the support for their minor son. On the answer to this question also depends the question of whether or not the mother is entitled to a deduction of $600 for child care under section 214, I. R. C. 1954.

#### FINDINGS OF FACT.

Petitioners who were husband and wife were separated from each other in February 1954, and later divorced. They filed separate income tax returns for 1954 with the district director of internal revenue at San Francisco, California.

Both claimed their minor son William as a dependent on their tax returns. Halina also claimed a deduction of $600 for child care pursuant to section 214, I. R. C. 1954.

Halina expended not less than $950 for the support of her minor son William during 1954. This was more than one-half of his support.

Halina paid not less than $775 for child care during 1954 for the purpose of enabling Halina to be gainfully employed.

The Commissioner disallowed the claimed exemption for William to both petitioners and also disallowed the claimed deduction for child care to Halina. The ground for this action was that neither petitioner had shown that he or she had contributed more than half of the support of the child.

#### OPINION.

The questions are in the main questions of fact and are disposed of by our findings.

At most Paul paid some $619 for the son's support in 1954. We have found as a fact that Halina paid at least $950 for the child's support with the result that she is entitled to claim him as a dependent. The amount paid by Halina includes the amount expended for child care. Paul contends that amounts paid for child care are not properly includible in determining whether or not a taxpayer has contributed more than one-half of the support of a claimed dependent. We have held otherwise. *Thomas Lovett*, 18 T. C. 477. There we said, "Any reasonable amount paid others for actually caring for children as an aid to the parent is a part of the cost of their support."

That case was decided under the Internal Revenue Code of 1939. However, we find nothing in the Internal Revenue Code of 1954 which would require us to depart from its holding. Section 214 of the 1954 Code allows "as a deduction expenses paid during the taxable year by a taxpayer * * * for the care of one or more dependents * * * but only if such care is for the purpose of enabling the taxpayer to be gainfully employed." The deduction may not exceed $600 for any taxable year. No such deduction was provided for in the 1939 Code and Paul argues, in a manner not entirely clear to us, that this change in the law now makes it improper to include the cost of child care in determining dependency. We cannot follow this reasoning. Section 214 lays down no new rules for determining who furnished over half the support of a claimed dependent. In this respect we think the *Lovett* case is still the law and point out in passing that the Commissioner does not here contend otherwise.

Having held that Halina is entitled to the dependency exemption and having found that she paid not less than $775 for child care in

1954 for the purpose of enabling her to be gainfully employed, it follows that she is entitled to a deduction of $600 under section 214, *supra*.

*Decisions will be entered under Rule 50.*