Everett J. Tucker v. Commissioner.
Tucker v. Commissioner
Docket No. 71035.
United States Tax Court
T.C. Memo 1960-40; 1960 Tax Ct. Memo LEXIS 250; 19 T.C.M. (CCH) 210; T.C.M. (RIA) 60040; March 16, 1960
*250 Held, that the petitioner did not furnish over half of the support of his two children, and that he is not entitled to deduct exemptions for them as dependents. W. E. Kalbfleisch, Esq., 1308 Sartori Avenue, Torrance, Calif., for the petitioner. Marion Malone, Esq., for the respondent. ATKINS
Memorandum Findings of Fact and Opinion ATKINS, Judge: The respondent determined a deficiency in income tax of the petitioner of $258.62 for the calendar year 1954. The only question is whether petitioner provided over one-half of the support of his two children. Findings of Fact The petitioner is an individual with *251 residence in Lakewood, California. His separate income tax return for the calendar year 1954 was filed with the district director of internal revenue at Los Angeles, California. He has two children, Patricia Ann Tucker and Connie Jene Tucker, who, in the taxable year were age 11 years and 9 years, respectively. In December 1953 the petitioner and his wife were separated and they lived apart throughout the entire year 1954. The children's mother had custody of them throughout 1954. Under a court order the petitioner was required to pay $10 weekly for the support of each child. Pursuant to the court order, the petitioner paid $520 to his former wife for the support of each child during the year 1954. In addition to the weekly support, the petitioner gave each child a coat at Christmas for which he paid $20 each; and gave each child a birthday gift of a savings bond, which cost him $18.75 each. The children's mother has since remarried, her name now being Della Carville. She was unmarried throughout the year 1954. In 1954 she was employed at a salary of $4,200, received the above-mentioned support payments from the petitioner, and got an income tax refund of $400, and was paid $300 *252 by her brother for a trailer house she had previously sold to him. From her wages for 1954 there was withheld as taxes the amount of $391. In 1954 she resided with the children in a duplex house for the first six months of 1954 and paid rent of $40 per month. During the last six months of the year she paid $100 per month for living quarters occupied by herself, the two children, her mother, and one other person. Expenditures made by the children's mother for support of each of the two children in 1954 were as follows: Patricia
Connie
Rent
$ 200.00
$ 200.00
Groceries, lights, gas, water
& telephone
520.00
520.00
School lunches
45.00
45.00
Toilet articles
25.00
25.00
Haircuts and permanents
15.00
15.00
Allowances
52.00
52.00
Summer camp
30.00
30.00
Horseback rides
30.00
25.00
Clothes
270.00
250.00
Health insurance
36.84
36.84
Nonreimbursed doctor bills
77.00
22.50
Toys
40.00
40.00
Child care
260.00
260.00
Entertainment
13.00
13.00
$1,613.84
$1,534.34
The children's mother did not advise petitioner of the amount of money or the nature of the expenditures she was making for the support of the children and did not *253 ask him to provide additional sums for them. On her separate return for the year 1954 she claimed the two children as her dependents. The petitioner did not furnish over half of the support of the two children for the year 1954. Opinion We have found that the total amount expended for the support of Patricia Ann Tucker in 1954 was $1,633.84, consisting of $1,613.84 expended by the mother, Della Carville, and $20, the cost of a coat which the petitioner gave her. The total amount expended for the support of Connie Jene Tucker in 1954 was $1,554.34, consisting of $1,534.34 expended by the mother and $20, the cost of a coat which the petitioner gave her. The total amount of support furnished by the petitioner for each child amounted to $540, which, of course, is far less than one-half of the total support. Sections 151 and 152 of the Internal Revenue Code of 1954 are set forth in the margin. [1]
*254 The principal contention of the petitioner is that the mother did not expend as much as she claims in support of the children. However, the mother was called as a witness by the petitioner and she testified as to each of the items which we have set forth in our Findings of Fact. There was documentary proof as to some of the items expended by Della Carville. She also testified as to her direct knowledge as to certain expenditures. As to some of them she conceded that they were estimates of the amounts expended. From our observation of this witness upon the stand, we are satisfied that her testimony was truthful and we believe that she expended the amounts which she claims to have expended. The amounts which she estimated that she spent appear to us to be reasonable. It should also be added that the expenses for child care while the mother was working are properly to be considered as a cost of their support. Thomas Lovett, 18 T.C. 477, and Paul Lustig, 30 T.C. 926, affd. (C.A. 9), 274 F. 2d 448 (January 11, 1960). It does not appear that the United States Savings Bonds which the petitioner gave his children were cashed and used for their support *255 and hence the cost thereof is not includible in the cost of their support. See Emily Marx, 13 T.C. 1099. Even if Della Carville's estimates are to some extent incorrect, we are satisfied that she did expend of her own funds for support of the children more than the amount of $1,080 which the petitioner expended for their support. It may also be pointed out that the funds which she had available in the year in question were adequate to cover the claimed expenses and to also provide for her own support. The petitioner makes the contention that Della Carville's testimony as to the cost of support is contradicted by an affidavit she made in connection with the divorce action. In such affidavit which was executed in December 1953, she stated that her necessary monthly expenses totaled $218.93, and that her then monthly income amounted to $235. We are concerned, however, with the actual amount which was expended in 1954, the year in question. Her income did increase in 1954, and we are satisfied that she did expend in 1954 far more than the $218.93 per month which she stated in 1953 was her necessary monthly expense. Upon the record here presented, we must conclude that *256 the petitioner did not furnish more than half of the support of the two children and that he is not entitled to deduct exemptions for the children as his dependents. Decision will be entered for the respondent. Footnotes
1. SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS. (a) Allowance of Deductions. - In the case of an individual, the exemptions provided by this section shall be allowed as deductions in computing taxable income. * * *
(e) Additional Exemptions for Dependents. - (1) In general. - An exemption of $600 for each dependent (as defined in section 152) - * * *
(B) who is a child of the taxpayer and who (i) has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins, or (ii) is a student. SEC. 152. DEPENDENT DEFINED. (a) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) as received from the taxpayer): (1) A son or daughter of the taxpayer, or a descendant of either,↩