DOROTHY H. LIMPERT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 86361. Filed December 15, 1961.

*Robert S. Solomon, Esq.*, for the petitioner.
*Arthur Pelikow, Esq.*, for the respondent.

FORRESTER, *Judge:* Respondent determined deficiencies in petitioner's income tax for the calendar years 1957 and 1958 in the amounts of $122.64 and $124.65, respectively. The issues before us are (1)

whether amounts expended by petitioner in supporting her mother who in turn cared for petitioner's son, thus enabling petitioner to be gainfully employed, are to be considered in determining whether or not petitioner has furnished over half of the support of her son, and (2) if so, whether petitioner may deduct up to $600 of such amounts each year as child care deductions, she having waived the claims (made on her returns) for her mother as a dependency exemption.

FINDINGS OF FACT.

Some of the facts have been stipulated and are so found.

Petitioner is an individual residing in Bloomfield, New Jersey, who filed her 1957 and 1958 Federal income tax returns with the district director of internal revenue at Newark, New Jersey. She will sometimes hereafter be referred to as Dorothy.

Dorothy was separated from her husband Frank Limpert (Frank) in 1951 or 1952 and divorced from him in 1955. By court order Frank was required to pay $20 per week for the support and maintenance of their son, Gregory, who lived with Dorothy during the years involved herein. Gregory was born in 1950.

The sum of $1,640 was spent by Dorothy in each of the years 1957 and 1958 directly for the support of Gregory; of this amount $1,040 was received from Frank in accordance with his obligation to support his son.

Dorothy was employed on a full-time basis by the New Jersey Bell Telephone Company, earning over $4,000 per year, and was away from home from 8 a.m. to 6 p.m. daily. Gregory attended school on a split-session basis during the taxable years involved, and was at home approximately 5 hours daily while Dorothy was at work or enroute to and from work.

Dorothy's mother, Mary Halpin, has resided in Dorothy's home with her and Gregory since 1951, moving in at about the same time Dorothy and Frank separated. Dorothy has brothers and sisters living in the area near her home but none of them has contributed anything to the support of their mother subsequent to 1951.

The sole reason that Dorothy's mother resided with her was to care for Gregory and thus enable Dorothy to be gainfully employed. Dorothy spent $848 during each of the years in issue supporting her mother and such sums were in exchange for the mother's caretaking of Gregory while Dorothy was at work.

Dorothy claimed her mother as an exemption on her returns for the years involved herein. Both Frank and Dorothy claimed Gregory as an exemption on their respective returns for the years at issue. Respondent disallowed Dorothy's claim for Gregory on the ground that she had failed to prove that she contributed over one-half of his support in each year.

## OPINION.

The primary issue in this case is whether the sum of $848 spent each year by Dorothy on behalf of her mother, in exchange for her mother's services in caring for Gregory, is part of the support of the mother or of Gregory. If the latter, we must also decide whether petitioner is entitled to a deduction for up to $600 of such amount per year as a "babysitter" deduction under section 214.[1]

Dorothy argues that the sums paid on behalf of her mother were for child care and therefore were part of the total amount expended for the support of Gregory. When these sums are added to the other sums stipulated to have been spent by her for his support each year, they make petitioner's contribution to Gregory's support more than one-half of the total, thereby entitling her to a dependency deduction therefor under sections 151 and 152.[2]

Dorothy necessarily concedes that the dependency exemptions (claimed on returns) for her mother were improper, since the $848 was spent each year to support Gregory, and was paid to (or for) her mother only in exchange for child care services. However, Dorothy contends that she may therefore claim deductions under section 214 since section 214(b)(1)(B) is not applicable.

We agree with petitioner. It is clear that reasonable amounts spent for child care are included in ascertaining the total amount spent on the support of the child. *Thomas Lovett*, 18 T.C. 477 (1952), acq. 1952-2 C.B. 2; *Paul Lustig*, 30 T.C. 926 (1958), affirmed per curiam 274 F. 2d 448 (C.A. 9, 1960), certiorari denied 364 U.S. 840 (1960),

---

[1] All statutory references are to the Internal Revenue Code of 1954.
SEC. 214. EXPENSES FOR CARE OF CERTAIN DEPENDENTS.

(a) GENERAL RULE.—There shall be allowed as a deduction expenses paid during the taxable year by a taxpayer who is a woman or a widower for the care of one or more dependents (as defined in subsection (c)(1)), but only if such care is for the purpose of enabling the taxpayer to be gainfully employed.

(b) LIMITATIONS.—

(1) IN GENERAL.—The deduction under subsection (a)—

(A) shall not exceed $600 for any taxable year; and

(B) shall not apply to any amount paid to an individual with respect to whom the taxpayer is allowed for his taxable year a deduction under section 151 (relating to deductions for personal exemptions).

[2] SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS.

(a) ALLOWANCE OF DEDUCTIONS.—In the case of an individual, the exemptions provided by this section shall be allowed as deductions in computing taxable income.

\*    \*    \*    \*    \*    \*    \*

(e) ADDITIONAL EXEMPTION FOR DEPENDENTS.—

(1) IN GENERAL.—An exemption of $600 for each dependent (as defined in section 152)—

(A) whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $600, or \* \* \*

SEC. 152. DEPENDENT DEFINED.

(a) GENERAL DEFINITION.—For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) as received from the taxpayer):

(1) A son or daughter of the taxpayer, or a descendant of either, \* \* \*

rehearing denied 364 U.S. 897 (1960). We have found as a fact that the $848 spent each year was spent solely in exchange for the care provided for Gregory,[3] and have therefore included these sums in determining the total amount spent on his support in each year. Since petitioner thus spent at least $1,448 each year for Gregory's support, and Frank spent, at most, $1,390 per year,[4] and since Gregory received no support from others, we conclude that petitioner is entitled to a deduction for Gregory in each year involved here.

Since we have found the sum of $848 to have been spent for child care each year, $600 of this amount would be deductible by petitioner in each year, under section 214, unless she "is allowed" a deduction for her mother under section 151. The applicability of section 214 (b) (1) (B) depends upon the purpose for which the sums were expended. We have found them not to have been for the mother's support, hence section 214(b) (1) (B) is inapplicable because petitioner is not "allowed" a deduction under section 151 for her mother.

Respondent argues that petitioner claimed and was in fact allowed such a deduction. However, we construe the phrase "is allowed * * * a deduction under section 151" as referring to deductions to which a taxpayer is legally entitled and not to an improper claim for a deduction which is in fact "allowed" through inadvertence or by respondent's ill-advised administrative action.

We find the allowance by respondent of the deductions for the mother to have been erroneous, as petitioner now concedes. The mother moved in with petitioner at the time Frank moved out. Petitioner testified unequivocally that the only reason she paid for her mother's living expenses was in exchange for her mother's caring for Gregory, and respondent on brief has requested us to so find as a fact. Therefore, these expenses were incurred to provide care for Gregory and were not gratuitously donated for the sustenance of petitioner's mother.

The relationship of mother-daughter does not, of itself, prevent child care expenses from being so treated. The instant case is analogous to those cases where deductions for personal exemptions have been denied to persons performing services in exchange for their support. *William Thomas Hamilton*, 34 T.C. 927 (1960) ; *Zelta J. Bombarger*, 31 T.C. 473 (1958) ; *W. E. Massey*, 14 B.T.A. 407 (1928), affd. 51 F. 2d 76 (C.A. 6, 1931).

---

[3] Respondent is apparently in accord with such finding for he makes the following requests for findings and statements on brief: "The sole reason the mother lived with petitioner was to care for petitioner's son while she was at work. * * * The money petitioner expended for her mother's support was in exchange for caring for her son. * * * In order to be gainfully employed, petitioner supported her mother in exchange for caring for her son and the measure of such support furnished by petitioner amounted to $848.00 for each year. * * * In fact the sole purpose of the mother's living with petitioner was to care for Gregory."

[4] Frank testified that he spent $300 to $350 each year on toys, lunches, and other incidentals, in addition to the stipulated $1,040.

We therefore allow in each year petitioner's claim for deduction of $600 under section 214 and her deduction of Gregory as a dependent, and disallow in each year the deduction claimed for her mother. The child care deductions, unlike dependency exemptions, must be returned among "Itemized Deductions," therefore,

*Decision will be entered under Rule 50.*