Royal Burwell v. Commissioner.
Burwell v. Commissioner
Docket No. 3788-63.
United States Tax Court
T.C. Memo 1965-217; 1965 Tax Ct. Memo LEXIS 113; 24 T.C.M. (CCH) 1117; T.C.M. (RIA) 65217; August 11, 1965
Michael P. O'Brien, 1004 Standard Bldg., Cleveland, Ohio, for the petitioner. Joseph Kane, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency of $129.01 in petitioner's income tax for 1961. The only issue we must decide is whether the petitioner provided in that year more than one-half of the support of his daughter, Gwendolyn, so as to qualify her as a dependent under section 152(a)(1) of the Internal Revenue Code of 1954. Findings of Fact Some of the facts have been stipulated and are so found. Royal Burwell (hereafter called petitioner) resides at 205 East 85th Place, *114 Cleveland, Ohio. He filed his Federal income tax return, using the cash method of accounting, for the calendar year 1961 with the district director of internal revenue, Cleveland, Ohio. In December 1959 petitioner and his former wife, Jetti, were divorced. Their daughter Gwendolyn was one year old at the time of the divorce. By order of the Court of Common Pleas of Cuyahoga County, Ohio, custody of the child was awarded to Jetti, who has since remarried and is now Jetti Somerville. From January 1, 1961, to September 1, 1961, Gwendolyn lived with her mother in an apartment at 1848 East 65th Street, Cleveland, Ohio. Jetti rented the apartment for $65 per month. Jetti was employed during 1961 at the Huron Road Hospital. In order to perform the duties of her employment, she found it necessary to have someone take care of Gwendolyn. Louise Cunningham, who occupied the apartment opposite Jetti's, agreed to and did care for Gwendolyn throughout the first 8 months of 1961. For this service Jetti paid Louise a total of $384. On or about the first of September 1961 Jetti sent Gwendolyn to live with her maternal grandmother in Uniontown, Alabama. In addition to the lodging and child *115 care expenses, the following items were provided for Gwendolyn's support during 1961: Clothing $150
Food
240
Medical and dental expenses
30 Jetti paid premiums of $150 during 1961 on two policies insuring Gwendolyn's life. Petitioner gave Jetti $10 each week during 1961 for Gwendolyn's support, or a total of $520 for the year. The total amount spent for the support of Gwendolyn in 1961 was not less than $1,064. Petitioner did not provide more than one-half of her support in 1961. Opinion Petitioner claimed his daughter as a dependent for the year 1961. To meet the requirements of section 152(a)(1), Internal Revenue Code of 1954, he must prove that he provided more than one-half of her total support. Since petitioner did not have custody of his daughter during 1961, but rather gave Jetti money for Gwendolyn's support, we must resolve this dispute by examining the expenditures made by Jetti. If the total expenditures made for the support of Gwendolyn exceeds twice the amount paid by petitioner, then he has failed to show that he contributed more than half of the child's support. The insurance premiums paid by Jetti on the life *116 insurance policies insuring Gwendolyn are not includable in her support and we have therefore excluded such amount. Aaron F. Vance, 36 T.C. 547 (1961). Likewise, we have not allowed any amount for lodging for the last 4 months of 1961 when Gwendolyn lived with her grandmother because we have no evidence upon which to estimate the value of such lodging. The child care expenses paid by Jetti to Louise Cunningham are, of course, includable as part of Gwendolyn's support. Paul Lustig, 30 T.C. 926 (1958), affd. 274 F. 2d 448 (C.A. 9, 1960); and Thomas Lovett, 18 T.C. 477 (1952). Jetti's testimony was credible. There is no basis for disbelieving or ignoring it. After considering and weighing all the evidence presented, we have concluded and found as a fact that the petitioner contributed no more than $520 of the total amount of at least $1,064 spent for the support of Gwendolyn for the year 1961. Consequently, we are constrained to hold that the petitioner is not entitled to the dependency exemption claimed. Decision will be entered for the respondent.