Marvin D. Williams and Patricia R. Williams v. Commissioner. Marvin D. Williams v. Commissioner.
Williams v. Commissioner
Docket Nos. 5090-66 and 5091-66.
United States Tax Court
T.C. Memo 1968-41; 1968 Tax Ct. Memo LEXIS 257; 27 T.C.M. (CCH) 185; T.C.M. (RIA) 68041; March 5, 1968. Filed *257 Marvin D. Williams, pro se 330 W. 223rd St., Torrance, Calif., Harold Vestermark, for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined a deficiency in petitioner Marvin D. Williams' income tax for the calendar year 1963 in the amount of $628.21, and determined a deficiency in the income tax of petitioners Marvin D. and Patricia R. Williams for the calendar year 1964 in the amount of $422.99. The issue for decision is whether petitioner Marvin D. Williams contributed more than one-half of the support of his three minor children in 1963 and 1964, thereby being entitled to a dependency exemption for each of them. Findings of Fact Some of the facts have been stipulated and are found accordingly. Marvin D. Williams (hereinafter referred to as petitioner) resided, at the time the petition in Docket No. 5091-66 was filed, in Torrance, California. He filed his individual Federal income tax return for the calendar year 1963 with the district director of internal revenue at Los Angeles, California. Petitioner married Patricia R. Williams on August 9, 1964. They resided, at the time the petition in Docket No. 5090-66 was *258 filed, in Torrance, California. Petitioner and Patricia filed a joint Federal income tax return for the calendar year 1964 with the district director of internal revenue at Los Angeles, California. Petitioner was formerly married to Charlotte M. Williams (now Charlotte M. Cowan and hereinafter referred to as Charlotte). Three children were born of the marriage of petitioner and Charlotte, one son, Marvin Duane, Jr., and two daughters, Laura Anne and Debra Marie. On February 26, 1960, an interlocutory judgment of divorce from petitioner was awarded to Charlotte in the Superior Court of the State of California for Los Angeles County. Under this decree Charlotte was 186 awarded custody of the children subject to petitioner's right of visitation, and petitioner was ordered to pay to Charlotte $35 a month for each child or a total of $105 a month for the three children for their support and maintenance. On April 18, 1960, this interlocutory decree was amended to require petitioner to pay Charlotte $50 a month per child or a total of $150 a month. On March 7, 1961, the final divorce decree was entered. During the calendar years 1963 and 1964 the three children resided with Charlotte *259 and petitioner took them for one-day visits 16 times in 1963 and 20 times in 1964. Petitioner paid to Charlotte an aggregate amount of $1,800 in each of the years 1963 and 1964 for the care, support, and maintenance of the three children. In addition he paid some medical bills, gave the children some toys, paid for some of the entertainment of the children and bought food for them when he had them for visits. The total amount expended by petitioner for support of the three children was approximately $2,300 in each of the calendar years 1963 and 1964. During the calendar year 1963 the total cost of support for the three children for shelter, food, clothes, school expenses, recreation, medical expenses and all incidental items for their support, except child care costs while Charlotte worked, was approximately $4,300, and during the calendar year 1964 the total cost of all similar items of support for the three children, except child care, was $4,200. At the end of the year 1963 Marvin Duane, Jr., was 6 years old, Debra Marie was 7, and Laura Anne was 9. Charlotte worked 5 days a week during the years 1963 and 1964. Sometimes one of her workdays was Saturday or Sunday. Charlotte *260 paid a neighbor to care for the three children while she was working. On school days the neighbor would pick the children up at school and keep them until Charlotte called for them when she returned from work. On Saturday and Sunday, if Charlotte was working, the neighbor would keep the children for the entire day. During each of the years 1963 and 1964 Charlotte paid a total of $1,065 for child care by this neighbor. The total support of the three children including child care for the year 1963 was approximately $5,365 and in 1964 was approximately $5,265. Petitioner on his Federal income tax return for each of the years 1963 and 1964 claimed dependency exemptions for each of the three children. Respondent disallowed these claimed dependency exemptions with the explanation that petitioner had not established that he furnished more than one-half of the support of the three children for the year. Ultimate Fact Petitioner has failed to establish that he contributed over one-half of the support for any of his three children for either the calendar year 1963 or the calendar year 1964, and therefore has failed to establish that he is entitled to a dependency exemption for any of *261 the three children for either of these years. Opinion The issue here is purely factual. We have used petitioner's estimates of the total cost of the support of the three children for all items other than child care and of the total amounts he spent for the support of the children. When the amount which Charlotte paid for care of the children in each year is added to petitioner's estimates of the total cost of support of the children, the resulting amount is over twice the amount petitioner estimated he paid toward the total support of the children. Charlotte's estimates of the total cost of supporting the children for items other than child care were higher than petitioner's estimates, and her estimates of the amounts paid by petitioner for support of the children were lower than petitioner's estimates. Charlotte paid a weekly amount for child care except for weeks when she had vacation from her work and therefore was able to testify to the amount she spent for child care with exactitude. Child care has been held to be part of the cost of support of minor children. Dorothy H. Limpert, 37 T.C. 447 (1961), and cases there cited. Decisions will be entered for respondent. *262