LEON TURNIPSEED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 61365. Filed February 8, 1957.

---

*Erle Pettus, Jr., Esq.*, for the petitioner.
*Homer F. Benson, Esq.*, for the respondent.

OPINION.

LeMire, *Judge:* The question presented involves the propriety of respondent's disallowance of petitioner's claim for a dependency exemption for Tina Johnson.

Section 151 (e) (1) of the Internal Revenue Code of 1954 provides for a dependency exemption for each dependent as defined in

section 152 (a).[1]  Petitioner contends that he is entitled to a dependency exemption since each requirement of section 152 (a) (9) is met.

The uncontroverted facts disclose that petitioner in the taxable year in question was living in adulterous cohabitation with Tina Johnson, the undivorced wife of David Johnson.  The support which petitioner furnished Tina was voluntarily assumed and not legally imposed.

The question presented is one of first impression.  Is the language used in section 152 (a) (9) to be construed literally so as to embrace an individual living in illicit intimacy with a taxpayer?

The 1954 Code retains the eight provisions of the 1939 Code, all of which are based on relationship by blood or marriage, and to which have been added two new classifications.  Paragraph (9) of section 152 (a), with which we are concerned, permits greater flexibility in that it provides a new concept to the tests for dependency in which no such relationship is required.

The legislative history furnishes little assistance as to the congressional intent in enacting paragraph (9).  The Senate Committee Report[2] sets forth the following example of its application:

For example, under paragraph (9) the taxpayer will be entitled to claim a foster child (who is not legally adopted) as a dependent (assuming the support and earnings tests are met) provided the foster child is a member of the taxpayer's household and lives in the taxpayer's home for the entire taxable year, except for vacations or time away at school.

A similar example is incorporated in the proposed Treasury regulations under the 1954 Code, sec. 1.152–1 (b).

We think little will be added by reviewing definitions given by the courts and lexicographers as to the meaning of the terms "member" and "household."  They mean different things depending on whether they are used in a broad or narrow sense.

In our opinion Congress never intended the specific paragraph in question to be construed so literally as to permit a dependency exemption  for an individual whom the taxpayer is maintaining in an illicit relationship in conscious violation of the criminal law of the jurisdiction of his abode.

We are of the opinion that to so construe the statute would in effect ascribe to the Congress an intent to countenance, if not to aid and en-

---

[1] SEC. 152.  DEPENDENT DEFINED.

(a) GENERAL DEFINITION.—For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) as received from the taxpayer) :

\* \* \* \* \* \* \*

(9) An individual who, for the taxable year of the taxpayer, has as his principal place of abode the home of the taxpayer and is a member of the taxpayer's household, or

[2] S. Rept. No. 1622, 83d Cong., 2d Sess. (1954), p. 194.

courage, a condition not only universally regarded as against good public morals, but also constituting a continuing, willful, open, and deliberate violation of the laws of the State of Alabama. Ala. Code tit. 14, sec. 16 (1940).[3] This we are unable to do.

In so interpreting paragraph (9) we do not intend to hold that its purpose is to be limited to cases falling within the example set forth in the Committee Report, but are here applying the well settled rule that statutes should receive a sensible construction, so as to effectuate the legistlative intention and, if possible, avoid an absurd conclusion. *United States* v. *Kirby*, 74 U. S. 482; *Sorrells* v. *United States*, 287 U. S. 435; *Robert S. Bassett*, 26 T. C. 619.

We hold, therefore, that the respondent did not err in disallowing petitioner a dependency exemption for Tina Johnson in the taxable year 1954.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

TIETJENS, *J.*, concurs in the result.
MULRONEY, *J.*, dissents.

———

WITHEY, *J.*, concurring: I concur in the result here reached, but upon grounds other than public policy which it seems to me are, in essence, those upon which decision in the majority opinion has been founded.

In my view Tina was not a dependent within the meaning of section 152 (a) (9) because petitioner has failed to establish that his expenditures for her living costs during 1954 constitute "support" as that word is used in section 152 (a).

There certainly was no legal duty on petitioner's part to support Tina and it seems obvious there was no moral reason for him to do so. It would seem to follow therefore that such living expenditures as he made for her are properly to be regarded as remuneration for the services she rendered to him as a member of his household. That being true it seems only reasonable to conclude that his payment of her living expenses is to be regarded only as wages such as are normally paid a domestic for housekeeping services. Viewed in that light *petitioner* furnished Tina no support whatsoever, *she*, by her labor, furnished her own support.

---

[3] SEC. 16. * * * **Living in adultery or fornication.**—If any man and woman live together in adultery or fornication, each of them shall, on the first conviction of the offense, be fined not less than one hundred dollars, and may also be imprisoned in the county jail, or sentenced to hard labor for the county, for not more than six months; on the second conviction for the offense, with the same person, the offender shall be fined not less than three hundred dollars, and may be imprisoned in the county jail, or sentenced to hard labor for the county, for not more than twelve months; and, on a third, or any subsequent conviction, with the same person, shall be imprisoned in the penitentiary for two years.