*Decision will be entered under Rule 50.*

WILLIAM THOMAS HAMILTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 83907. Filed August 31, 1960.

*William Thomas Hamilton, pro se.*
*W. Ralph Musgrove, Esq.,* for the respondent.

## OPINION.

KERN, *Judge:* This case involves the question whether petitioner is entitled to a dependency exemption for Rachel Ann Oliver under the provisions of section 151(e), I.R.C. 1954. The answer to this question depends on whether Rachel is a dependent of taxpayer as that term is defined in section 152(a)(9).[1] The precise question

---

[1] SEC. 152. DEPENDENT DEFINED.

(a) GENERAL DEFINITION.—For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) as received from the taxpayer) :

\*   \*   \*   \*   \*   \*   \*

(9) An individual (other than an individual who at any time during the taxable year was the spouse, determined without regard to section 153, of the taxpayer) who, for the taxable year of the taxpayer, has as his principal place of abode the home of the taxpayer and is a member of the taxpayer's household, \* \* \*

is whether petitioner furnished "support" to Rachel within the meaning of the quoted section of the Internal Revenue Code.

The legislative history of section 152(a)(9) indicates that it was enacted for the purpose of affording a dependency exemption for a foster child or a child in the home of a taxpayer awaiting adoption. See *Leon Turnipseed*, 27 T.C. 758, 760. In such cases the support would be gratuitous and given to the recipient from motives of charity, affection, or moral obligation without thought of receiving in return a *quid pro quo*.

In the instant case it is clear to us on the record that petitioner's primary purpose in furnishing board and lodging to Rachel during the taxable year, and making other expenditures for her benefit, was to obtain her services either immediately or in the future. It is our opinion that what Rachel received from petitioner during the taxable year was remuneration for her services, either present or future, and was not "support" as that term is used in section 152(a)(9). Cf. concurring opinion of Judge Withey in *Leon Turnipseed, supra* at 761.

We therefore conclude that petitioner is not entitled to a dependency exemption for Rachel Ann Oliver during the taxable year.

*Decision will be entered for the respondent.*