Alfred Davis, Individually v. Commissioner. Alfred Davis, Jr. v. Commissioner.
Davis v. Commissioner
Docket Nos. 87853, 91295.
United States Tax Court
T.C. Memo 1964-184; 1964 Tax Ct. Memo LEXIS 153; 23 T.C.M. (CCH) 1099; T.C.M. (RIA) 64184; July 7, 1964
Alfred Davis, Jr., pro se, 527 E. Waverly, Tucson, Ariz., James Booher, for the respondent. MULRONEY Memorandum Findings of Fact and Opinion MULRONEY, Judge: Respondent determined deficiencies in income tax and additions thereto in the above dockets (Alfred Davis and Alfred Davis, Jr. are one and the same person), as follows: Addition
Addition
to
to
Docket
Taxable
Tax §
Tax §
6653(a),
6653(b),
Petitioner
Number
Year
Deficiency
I.R.C.
I.R.C.
1954
1954
Alfred Davis,
87853
1956
$696.40
$34.82
Individually
Alfred Davis, Jr.
91295
1957
678.93
$339.46
1958
551.64
275.82
*154 The notices of deficiencies in these consolidated dockets in some or all of the years involved disallowed dependency exemptions for children and specific nonbusiness deductions, and determined additions to tax for negligence and fraud under the provisions of section 6653(a) and section 6653(b), Internal Revenue Code of 1954. [1] Respondent has now conceded all of the above issues. The issues that remain for decision are whether petitioner was entitled to an exemption for and entitled to file a joint return with Carrie Lee Davis, and whether he was entitled to the medical deductions claimed on his returns for the years involved. Findings of Fact Petitioner lives in Tucson, Arizona. He filed his income tax returns for the years 1956, 1957 and 1958 with the district director of internal revenue at Phoenix, Arizona. The said returns were filed as the joint returns of petitioner and "Carrie Lee Davis", husband and wife. On each of these returns petitioner claimed exemptions for himself and Carrie, and exemptions for three dependent children named Lonnie *155 Ray, Jerry Lee and Mary Lee. Jerry Lee and Mary Lee, born in 1952, are petitioner's illegitimate children. Their mother, Emmie Jean Murphy, lives in Henderson, Texas. Lonnie Ray is not petitioner's child. She is Carrie Lee's daughter. During the years in issue petitioner lived with Carrie Lee and Lonnie Ray lived with them. Jerry Lee and Mary Lee also lived with petitioner and Carrie Lee during all or part of each of the years in issue and when not living with petitioner in Arizona, they lived with their mother in Texas and when they were with their mother petitioner sent money to their mother for the children's support. During the years in issue petitioner was not married to Carrie Lee. In his determinations of deficiencies for the years in issue respondent disallowed certain deductions for medical expenses in the amounts of $667.64 $685.17 and $47.25 for the years 1956, 1957 and 1958, respectively. Respondent also determined petitioner was not entitled to file joint returns with Carrie Lee and was not entitled to exemptions for Carrie Lee. Opinion Petitioner's attorney, who represented him at the time of the filing of the petitions, withdrew in 1963 (about a year before trial) *156 and petitioner appeared pro se. He filed no brief in this Court. Petitioner introduced no evidence to support his deductions for medical expenses. Since the disallowance of these deductions is presumptively correct, we uphold respondent's disallowance of these items. Petitioner testified that although he lived with Carrie Lee, he was not married to her during the years here involved. It fairly appears from the record that Carrie Lee was in the process of getting a divorce from another man during the years in issue. Petitioner testified that although he lived with Carrie Lee as man and wife, he did not marry her until 1963. This means petitioner in the years in question was not entitled to file a joint return with Carrie Lee under section 6013, Ruth Borax, 40 T.C. 1001, and not entitled to take her as an exemption under section 152. Leon Turnipseed, 27 T.C. 758; sec. 152(b)(5). We hold for respondent on the issues presented. Decisions will be entered under Rule 50. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted.↩