Peter Illanovsky v. Commissioner.
Illanovsky v. Commissioner
Docket No. 5683-63.
United States Tax Court
T.C. Memo 1965-42; 1965 Tax Ct. Memo LEXIS 290; 24 T.C.M. (CCH) 225; T.C.M. (RIA) 65042; February 26, 1965
Peter Illanovsky, pro se. Robert E. Shapiro, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency in petitioner's income tax of $397.39 for the taxable year 1961. The only issue for decision is whether petitioner provided more than one-half of the support of three children so as to qualify them as his dependents under section 152(a)(1) of the Internal Revenue Code of 1954. Findings of Fact Some of the facts have been stipulated and are so found. Peter Illanovsky (hereafter called petitioner) now resides at 514 Vine Street, Elizabeth, New Jersey. He filed his 1961 income tax *291 return with the district director of internal revenue, Newark, New Jersey. During 1961 petitioner's wife Virginia obtained a decree of divorce in Puerto Rico. Immediately thereafter she married Francis Krajewski. Three children were born during petitioner's marriage to Virginia. They are John, Yvonne, and Terry. They now live with their mother and Krajewski in Rochester, New York. Throughout 1961 petitioner provided money for the support of these children. The greater portion of this support was paid under court order and is a matter of public record. The remainder was sent by telegram money orders. The amount provided by petitioner for the support of the children in 1961 was $1,500. The children also received some support during 1961 from the relief agency in Kingston, New York, and from the Krajewskis. However, no evidence as to the amount or extent of this support was offered by petitioner. The total support provided for the children has not been established. Opinion The petitioner has claimed his three children as dependents for 1961. To meet the requirements of section 152(a)(1), Internal Revenue Code of 1954, he must prove that he provided more *292 than one-half of their total support. Unfortunately, he has not presented any evidence as to the total amount of support provided for the children. Because of this, petitioner has failed to establish an essential part of his claim. Bernard C. Rivers, 33 T.C. 935 (1960). We are thus left with no choice but to hold against him. During the trial petitioner asked us to determine that Francis and Virginia Krajewski cannot claim these children as their dependents, basing his request upon the assertion that the Krajewskis are not validly married. See and compare Leon Turnipseed, 27 T.C. 758 (1957); Estate of Daniel Buckley, 37 T.C. 664 (1962); and John J. Untermann, 38 T.C. 93 (1962). In each of these cases the taxpayer was not entitled to an exemption for the woman with whom he lived because their relationship violated local law. But none of these cases concern children living with the taxpayer. Even if we assume that the Krajewskis were not legally married, that alone would not affect their right to claim these children as dependents. However, the Krajewskis are not before us in this proceeding. We have no jurisdiction to decide this *293 dependency issue as to them. Petitioner should realize that, even if the Krajewskis are not allowed to claim the children as dependents, he still cannot prevail here. Any support given by the Krajewskis or anyone else must be counted in determining total support. Warren C. Mawhinney, 43 T.C. No. 37 (January 18, 1965). Petitioner cannot meet the requirements of section 152(a) by merely showing that someone else might not be entitled to the exemptions he is claiming. Petitioner relies on certain parts of the Treasury Department publication entitled Your Federal Income Tax (1964 Edition). Here again the petitioner is not aided. At page 19 of such publication there appears the following statement: "You must furnish over half of the total support of the dependent during the calendar year." And on page 20, in explaining what is meant by "total support," it is stated that the "source and tax status of the money used to provide support is immaterial." When the petitioner came into this Court he took upon himself the burden of proving that he was entitled to claim his children as dependents. He has failed to do so. Accordingly, Decision will be entered for the respondent. *294