D.L.Angstadt v. Commissioner.
Angstadt v. Commissioner
Docket No. 785-67.
United States Tax Court
T.C. Memo 1968-140; 1968 Tax Ct. Memo LEXIS 158; 27 T.C.M. (CCH) 693; T.C.M. (RIA) 68140; July 2, 1968 Filed D.L.Angstadt, pro se, 1331 Grand Ave., Terre Haute, Ind. George P. *159 Adinamis, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency of $213.23 in petitioner's income tax for the year 1964. The issues for decision are: (1) Whether petitioner is entitled to a dependency exemption claimed for Betty Wojak, an unmarried woman who lived in his apartment and home during 1964; (2) whether medical expenses for Betty Wojak paid by petitioner in 1964 are deductible; and (3) whether the petitioner qualifies for "head of household" rates under section 1(b)(2)(A)(ii). [1]
Medical expenses of $1,022.65 for petitioner's grandfather were disallowed in the notice of deficiency. The petition did not allege error as to the disallowance. Therefore, the issue is treated as not raised herein. Findings of Fact Most of the facts have been stipulated by the parties and are found accordingly. D.L.Angstadt (herein called petitioner) is a single person whose legal residence was Terre Haute, Indiana, at the time he filed his petition in this proceeding. His Federal income tax return for 1964 *160 was filed with the district director of internal revenue at Indianapolis, Indiana. In March 1962, petitioner who was then residing and working in Chicago, Illinois, met and began dating Mrs. Betty Wojak, who had been divorced about three years. Both of them were gainfully employed at that time. Mrs. Wojak had a minor daughter, Valerie, who was living with her adult sister. In November 1962, petitioner suggested to Betty Wojak that if she would take care of his apartment, prepare meals, do the laundry, and generally care for his and their day-to-day living needs, she and her daughter could move in and live with petitioner in his apartment. In return for such consideration, petitioner agreed to furnish the finances necessary for shelter, food, and living needs, provided that the $50 a month support money received from Mrs. Wojak's former husband be used to furnish part of Valerie's support. Mrs. Wojak agreed to the terms of the proposed arrangement and during the year 1962 she moved into the petitioner's apartment. In January 1963, Mrs. Wojak's daughter, Valerie, also moved into the petitioner's apartment in Chicago. In October 1964, petitioner moved to Terre Haute, Indiana, where *161 he purchased a home. At that time he extended to Mrs. Wojak the same offer as before, which she again accepted. This same arrangement has continued to the present time. Mrs. Wojak has engaged in no outside employment since September 1963. From the beginning of the arrangement, there was a clear understanding between the petitioner and Mrs. Wojak that they were not entering into a common law marriage and that neither of them was in any way obligated to continue the arrangement for any specific length of time. In his 1964 Federal income tax return the petitioner claimed Mrs. Wojak as a dependent. In addition, he claimed a deduction of $196.09 for her medical expenses and claimed "Unmarried Head of Household" filing status. In his notice of deficiency dated November 18, 1966, respondent disallowed the claimed exemption and medical expenses with the following explanations: (a) The deduction of $600.00 which you claimed as an exemption for Betty Wojak is disallowed since she was not your dependent as defined in section 152 of the Internal Revenue Code. (b) Medical expense of Betty Wojak in the amount of $196.09, included in your medical expense deduction *162 per return, is disallowed since that amount was not for medical care of a dependent and does not otherwise constitute medical expense deductible by you under section 213 of the Internal Revenue Code. It was also determined that petitioner did not qualify for head of household rates of tax. Opinion 1. Dependency exemption. We agree with respondent that the arrangement between 695 petitioner and Betty Wojak was primarily one of convenience from which both derived economic benefit. Consequently, the petitioner is not entitled under section 151 (e)(1)(A) [2] to a dependency exemption for Mrs. Wojak because she was not petitioner's "dependent," as that term is defined in section 152(a)(9). [3] Mrs. Wojak received her essential living needs in consideration for the services she rendered for petitioner. She received compensation from petitioner and not "support" within the meaning of sections 151(e) and 152(a)(9). Hence, she is not a person over half of whose "support" was received from petitioner in 1964. *163 This case is controlled by our opinion in William Thomas Hamilton, 34 T.C. 927 (1960), where we said at page 929: The legislative history of section 152 (a)(9) indicates that it was enacted for the purpose of affording a dependency exemption for a foster child or a child in the home of a taxpayer awaiting adoption. See Leon Turnipseed, 27 T.C. 758, 760. In such cases the support would be gratuitous and given to the recipient from motives of charity, affection, or moral obligation without thought of receiving in return a quid pro quo. In the instant case it is clear to us on the record that petitioner's primary purpose in furnishing board and lodging to Rachel during the taxable year, and making other expenditures for her benefit, was to obtain her services either immediately or in the future. It is our opinion that what Rachel received from petitioner during the taxable year was remuneration for her services, either present or future, and was not "support" as that term is used in section 152(a)(9). Also see and compare W. E. Massey, 14 B.T.A. 407 (1928), affirmed on this issue 51 F. 2d 76 (C.A. 6, 1931); Zelta J. Bombarger, 31 T.C. 473 (1958); *164 Leon Turnipseed, 27 T.C. 758 (1957); Estate of Daniel Buckley, 37 T.C. 664, 673 (1962); and John J. Untermann, 38 T.C. 93, 96-97 (1962). 2. Medical expenses. Since Betty Wojak was not a "dependent" of petitioner, the medical expenses of $196.09 he paid for her in 1964 cannot be allowed as a deduction under section 213(a)(1). [4] Therefore, we sustain respondent on this issue. 3. Head of household. To qualify for "head of household" rates under section 1(b)(2) (A)(ii) an individual must be unmarried (or legally separated) at the end of the taxable year and must have maintained as his home a household which constituted the principal place of abode during such year of a relative or *165 "any other person who is a dependent" of the taxpayer. In view of the fact that Betty Wojak was not a "dependent" of petitioner, it is clear that petitioner does not qualify for the "head of household" rates. To hold otherwise would create a "tax haven" for American bachelors never envisioned by the Congress. Respondent did not err. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 unless otherwise indicated.↩
2. SEC. 151(e). Additional Exemption for Dependents. - (1) In General. - An exemption of $600 for each dependent (as defined in section 152) - (A) whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $600, or ↩
3. SEC. 152. DEPENDENT DEFINED. (a) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer): * * * (9) An individual (other than an individual who at any time during the taxable year was the spouse, determined without regard to section 153, of the taxpayer) who, for the taxable year of the taxpayer, has as his principal place of abode the home of the taxpayer and is a member of the taxpayer's household, or↩
4. SEC. 213. MEDICAL, DENTAL, ETC., EXPENSES. (a) Allowance of Deduction. - There shall be allowed as a deduction the following amounts, not compensated for by insurance or otherwise - (1) the amount by which the amount of the expenses paid during the taxable year (reduced by any amount deductible under paragraph (2)) for medical care of the taxpayer, his spouse, and dependents (as defined in section 152↩) exceeds 3 percent of the adjusted gross income, and