James Davis Protiva v. Commissioner.
Protiva v. Commissioner
Docket No. 5903-69 SC.
United States Tax Court
T.C. Memo 1970-282; 1970 Tax Ct. Memo LEXIS 76; 29 T.C.M. (CCH) 1318; T.C.M. (RIA) 70282; October 5, 1970, Filed James Davis Protiva, pro se, 570 Cap-Au-Guis, Troy, Mo., Charles B. Tetrick, for the respondent. IRWIN
Memorandum Findings of Fact and Opinion IRWIN, Judge: The Commissioner determined a deficiency in petitioner's income tax for the year 1967 in the amount of $324.14. The issues for decision are: 1. whether petitioner is entitled to dependency exemption deductions for Christine and Steven Jahoda under sections 151(e) and 152(a) (9) of the Internal Revenue Code of 1954; [1]
2. whether petitioner is entitled to a child care expense deduction in the amount of $900 for his three children under section 214; and 3. whether *78 the amounts petitioner paid for "job wanted" advertisements are deductible under section 162 or section 212. Findings of Fact Some of the facts have been stipulated. The stipulations and the exhibits attached thereto are incorporated herein by reference. 1319 James Davis Protiva (hereinafter referred to as petitioner) resided in Troy, Mo., at the time of the filing of the petition in this case. He filed his individual Federal income tax return for the calendar year 1967 with the district director of internal revenue at St. Louis, Mo. Respondent, in his notice of deficiency to petitioner, disallowed the following deductions claimed by the taxpayer on his 1967 tax return: 1. dependency exemptions claimed for Christine Elizabeth Jahoda and Steven Paul Jahoda totaling $1,200; 2. expenses for care of petitioner's three children totaling $900; and 3. expense of $4.89 attributable to placing "job wanted" advertisements in a local newspaper. Petitioner and his wife, Hattie Pearl Protiva, who died in July 1964, had three children. The names and birth dates of these children are as follows: Name
Birth Date
James Davis Protiva, Jr.
November 8, 1959
Franklin Reed Protiva
May 11, 1961
Susan Elizabeth Protiva
November 26, 1962
*79 Petitioner never remarried and he found it extremely difficult to find suitable persons to care for his children while he was working. From July 1964 until the latter part of 1966, petitioner's relatives took care of his children while he was away at work. In the fall or winter of 1966, petitioner answered an advertisement placed in the St. Louis Post-Dispatch by Penina Jahoda (hereinafter Penina), a divorcee, who desired to obtain employment as a babysitter under an arrangement whereby she and her two children would live in th employer's home. The names and birth dates of the two Jahoda children are: Name
Birth Date
Christine Elizabeth (hereinafter Christine)
December 28, 1962
Steven Paul (hereinafter Steven)
July 26, 1960
Late in 1966, petitioner agreed to employ Penina, who resided with Christine and Steven in the taxpayer's home throughout all of 1967. Their employment agreement provided that petitioner would furnish food, lodging, and incidental items, such as utilities, to Penina and her two children as well as pay her $100 per month, in return for her services as a babysitter for petitioner's three children. Penina never received the $100 per month, *80 although petitioner did give her a check for $359 in September 1967, which was intended to serve as wages. However, Penina spent this sum for groceries for the entire household. Although Penina performed household duties other than babysitting during 1967, such as cleaning house and washing clothes, such activities were not a condition of her employment. Penina regarded her relationship with petitioner as one of employer and employee. After she terminated her employment with petitioner and left his home in 1969, he no longer furnished food and lodging to the two Jahoda children and their mother. Petitioner never arranged or planned to adopt Christine and Steven, who did not consider him as their father. Victor Jahoda, Christine and Steven's father, provided $175 to each of the children during 1967, which Penina spent primarily for their clothing. Petitioner's home in Troy, Mo., housed seven persons in 1967, viz., petitioner, his three children, Penina, and her two children. This house, which had originally been purchased for $10,500, had 12 rooms and two baths. During the period that petitioner has been living there, he has made some improvements to the house, such as roofing, *81 painting, rewiring it, as well as sanding the floors. Petitioner had three employers during the year at issue. There were periods in that year during which he was unemployed. While the exact nature of these jobs was nots disclosed, it appears that none of these jobs entailed grade school or high school teaching. In September 1967, during a period when petitioner was not employed, he advertised at a cost of $4.89 in the St. Louis Post-Dispatch as follows: Teaching position wanted, six years' experience, junior high science or elementary. Petitioner did not obtain employment as a result of these advertisements. Penina prepared petitioner's 1967 income tax return, on which her two children were claimed by petitioner as dependents. She claimed that petitioner furnished $1,040 ($20 per week) support to each of her children, as well as to herself. In addition, petitioner deducted $900 as child care expenses in connection with Penina's babysitting services. 1320 The following is a list of expenses allocable to the seven members of petitioner's household for the taxable year 1967: *10 Item
Total for Year
Minimum
Maximum
Fair rental value of lodging ($150 to $175 per month)
$1,800.00
$2,100.00
Groceries (checks to Penina Jahoda)
1,074.00
1,074.00
Dairy products
288.12
288.12
Groceries (checks to cash)
500.00
500.00
Utilities
622.95
622.95
Miscellaneous
101.60
101.60
TOTAL
$4,386.67
*82 Opinion
Petitioner claimed dependency exemption deductions on his 1967 income tax return for the two minor children of Penina Jahoda, an unmarried woman employed by petitioner to babysit for his three children while he was working. In accord with their original employment agreement, petitioner provided food, lodging, and incidental items to Penina and her children in return for her services as a babysitter.
The primary issue for our determination concerns these dependency exemptions. The resolution of that issue will, in turn, aid in determining the amount of child care expenses allowable to petitioner under section 214.
A third issue is the deductibility of $4. as a business expense under section 162 or section 212.
1. Dependency Exemptions Under section 151(e), [2] a taxpayer is entitled to an exemption of $600 for each dependent as defined by section 152(a). Since Christine and Steven Jahoda were unrelated to petitioner and do not fit within any of the degrees of relationship specified in section 152(a) (1) through (8) or (10), we must whether they are to be considered as petitioner's dependents thereunder. *83 In discussing the purpose underlying the enactment of section 152(a) (9) in Leon Turnipseed, 27 T.C. 758 (1957), we stated:
The legislative history furnishes little assistance as to the congressional intent in enacting paragraph (9). The Senate Committee Report * * * sets forth the following example of its application:
For example, under paragraph (9) the taxpayer will be entitled to claim a foster child (who is not legally adopted) as a dependent (assuming the support and earnings tests are met) provided the foster child is a member of the taxpayer's household and lives in the taxpayer's home for the entire taxable year, except for vacations or time away at school. Furthermore, in Wililam Thomas Hamilton, 34 T.C. 927 (1960), we said: In such cases the support would be gratuitous and given to the recipient from motives of charity, affection, or moral obligation without thought of receiving in return a quid pro quo. In the instant case it is clear to us on the record that petitioner's primary purpose in furnishing board and lodging to Rachel during the taxable year, and making other expenditures for her benefit, was to obtain her services either *84 immediately or in the future. It is our opinion that what Rachel received from petitioner during the taxable year was remuneration for her services, either present or future, and was not "support" as that term is used in section 152(a)(9) Cf. concurring opinion of Judge Withey in Leon Turnipseed, supra at 761. We feel that this case is clearly within the rule of William Thomas Hamilton, supra. Petitioner and Penina both admitted at trial that the items of support furnished to 1321 Christine and Steven Jahoda were provided in accordance with their employment agreement. Although we do not intend to pass judgment on petitioner's personal feelings toward those children, we feel that it is clear from the record herein that petitioner did not provide a home to the Jahoda children out of charity, affection, or moral obligation. Rather, the sole purpose for these expenditures was to compensate Penina for her babysitting services. Accordingly, we hold that compensation for services paid to Penina in the form of lodging and food to her and her children does not constitute support within the meaning of section 152 (a)(9), and therefore, petitioner is not entitled *85 to dependency exemptions for the Jahoda children. 2. Child Care Expenses Section 214 permits a deduction incurred by a widower for the care of children under 13 years of age where the care is for the purpose of enabling the taxpayer to be gainfully employed. Respondent conceded on brief that petitioner is entitled to a child care expense deduction, but disputes the amount thereof. His position was stated as follows: If respondent's position [with respect to dependency exemptions for the two Jahoda children] is sustained by the Court, it follows that petitioner would be entitled to the entire $900 deduction. * * *
Since we have sustained respondent and held herein that petitioner is not entitled to dependency exemptions for the two Jahoda children, we hold that petitioner is entitled to a deduction in the amount of $900 for child care. 3. Employment Advertisement Expense Respondent contends that the $4.89 paid to place "job wanted" advertisements in the St. Louis Post-Dispatch is not deductible as an ordinary and necessary expense under either section 162 or section 212. We agree with respondent. In incurring this expenditure in advertising for a teaching position, *86 petitioner was in no way carrying on a trade or business of being a teacher since he was not in that trade or business at any time during the year at issue. See David J. Primuth, 54 T.C. 374 (1970). Moreover, the advertisements did not result in petitioner's securing a position in that year. See Eugene A. Carter, 51 T.C. 932 (1969). Accordingly, we hold that petitioner is not entitled to a deduction therefor. To reflect the conclusions reached herein, and the concessions made by the parties, Decision will be entered under Rule 50. Footnotes
1. All statutory references hereinafter are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS. * * *
(E) Additional Exemption for Dependents. -
(1) In general. - An exemption of $600 for each dependent (as defined in section 152) -
(A) whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $600, or
(B) who is a child of the taxpayer and who (i) has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins, or (ii) is a student. N 3 SEC. 152. DEPENDENT DEFINED. (A) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer): * * *
(9) An individual (other than an individual who at any time during the taxable year was the spouse, determined without regard to section 153, of the taxpayer) who, for the taxable year of the taxpayer, has as his principal place of abode the home of the taxpayer and is a member of the taxpayer's household, * * *↩