SHERAL JACKSON MARTIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Martin v. Commissioner
Docket No. 7276-71
United States Tax Court
T.C. Memo 1973-136; 1973 Tax Ct. Memo LEXIS 151; 32 T.C.M. (CCH) 656; T.C.M. (RIA) 73136; June 25, 1973, Filed *151 Petitioner and a woman met in late December, 1969 and lived together until January, 1971 when he sent her away permanently. He took her as an exemption on his 1970 return. Held: While section 151(b) allows an exemption for a spouse and 152(a)(9) provides for an exemption for a person who has her principal abode with taxpayer, illicit nature of relationship causes both bites at exemption apple to turn sour and prohibits the allowance of any exemption. Sheral Jackson Martin, pro se. Frank Simmons, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: Respondent determined a deficiency in petitioner's income tax for the year 1970 in the amount of $272. The deficiency arises solely from respondent's disallowance of two exemptions claimed by petitioner on his return. He took exception to the disallowance in both instances, and respondent *153 on brief has conceded the allowability of one exemption. 2 FINDINGS OF FACT Petitioner filed his return on the calendar year basis, reporting his income on the cash method of accounting. The return lists Jasper, Alabama as the petitioner's address and was filed with the district director of internal revenue in Birmingham, Alabama. The petitioner maintained Jasper as his address at the time of filing the petition herein. In either late November or early December of 1969 petitioner met Addie Lou Martin at the Trailways Bus Terminal in Tallahassee, Florida. After a couple of days they took up "housekeeping" in an apartment rented by him for that purpose and lived together along with Addie Lou's six or seven year old daughter, Nancy Sue. Petitioner was a truck driver by trade and worked for the Big Bend trucking company in Tallahassee for the first several months of 1970. He then moved to Chicago where he worked for Fleet Tool.Addie Lou and Nancy Sue went with him and the cohabitation status was maintained. After approximately two months petitioner, Addie Lou and Nancy Sue moved to Jasper, Alabama where they lived with petitioner's mother in her house. Matters apparently *154 became a little awkward so sometime toward the end of 1970 petitioner, Addie Lou and Nancy Sue returned to Tallahassee, presumably to the same apartment they had vacated earlier in the year. Petitioner resumed his employment with Big Bend. Addie Lou was unemployed throughout 1970 and had no income of any kind. Both she and her daughter were supported entirely by petitioner. About January 17, 1971 petitioner and Addie Lou had a falling-out and 3 petitioner sent her and her child back to her home in Bainbridge, Georgia. Addie Lou advised petitioner that she was divorced and petitioner had been divorced twice. Petitioner does not contend that he and Addie Lou were ever married in a religious or civil ceremony, and we find that there was none.However, they lived together openly. On his tax return for the year 1970 petitioner checked his filing status as single but claimed as dependents Addie Lou, listing her relationship as wife, and Nancy Sue, listing her as a member of household. On brief respondent conceded that petitioner is entitled to an exemption for Nancy Sue. OPINION Section 151(b) of the Internal Revenue Code of 1954 provides that a *155 taxpayer is entitled to an exemption for his "spouse". Section 151(e) grants an additional exemption, "for each dependent (as defined in section 152)". If the support requirements are met section 152(a)(9) includes in the category of eligible dependents, (a) An individual (other than an individual who at any time during the taxable year was the spouse, * * *) who, for the taxable year of the taxpayer, has as his principal place of abode the home of the taxpayer and is a member of the taxpayer's household, * * *. Limiting the foregoing is paragraph (5) of subsection 152(b) which reads: (5) An individual is not a member of the taxpayer's household if at any time during the taxable year of the taxpayer the relationship between such individual and the taxpayer is in violation of local law. 4 Superficially it would appear that the petitioner has two bites at the exemption apple. However, we note the following portion of the Report of the Ways and Means Committee pertaining to the enactment of section 152(b)(5): [It] makes it clear that a person who is not a close relative but is living with the taxpayer may not be claimed as a dependent, if the relationship between the *156 taxpayer and the individual is an illegal one under the applicable local law. For example, this would make it clear that an individual who is a "common-law wife" where the applicable State law does not recognize common-law marriage would not qualify as a dependent of the taxpayer. H. Rept. No. 775, 85th Cong., 1st Sess. (1957), 1958-3 C.B. 811, 817. Thus, tempting as the two bites may appear, we must hold that they leave a bitter after-taste in the instant case. The laws of each of the three states in which petitioner and Addie Lou lived during 1970 make, what must be presumed to have been, their relationship illegal and violative of criminal statutes. Ala. Code tit. 14, sec. 16 (1959); Fla. Stat. Ann. sec. 798.01, .02 and .03; and Smith-Hurd Ill. Ann. Stat. ch. 38, sec. 11.7 and 11.8. It is apparent that petitioner's relationship with Addie Lou was on a day-to-day basis without the sanctity even approaching that of a common-law marriage. There certainly was no legal obligation on petitioner's part to support her and, appropriately enough, the relationship was terminated as casually as it began. Under such circumstances we can find *157 nothing lawful about their liaison. 5 It follows that Addie Lou did not qualify as a "spouse" within the purview of section 151(b) during the taxable year and that the illicit nature of their affiliation makes section 152(a)(9) equally inapplicable for the same period. Leon Turnipseed, 27 T.C. 758 (1957). Decision will be entered under Rule 50.