BILLY L. KIEFFER, SR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kieffer v. Commissioner
Docket No. 45813-85.
United States Tax Court
T.C. Memo 1987-213; 1987 Tax Ct. Memo LEXIS 210; 53 T.C.M. (CCH) 681; T.C.M. (RIA) 87213; April 28, 1987. Billy L. Kieffer, Sr., pro se. Steven K. Dick, for the respondent. GALLOWAY
MEMORANDUM FINDINGS OF FACT AND OPINION GALLOWAY, Special Trial Judge: This case was heard pursuant to the provisions of section 7456(d)(3) of the Internal Revenue Code of 1954 (redesignated section 7443A(b)(3) by section 1556 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2755) and Rule 180 et seq. of the Tax Court Rules of Practice and Procedure.[1]
*212 Respondent determined deficiencies in petitioner's Federal income tax for the taxable years 1982 and 1983 in the amounts of $976 and $1,122, respectively. For each of the years, the issues for our decision are: (1) whether petitioner is entitled to meals expense in excess of the amount allowed by respondent; and (2) whether petitioner is entitled to claim his ex-wife as a dependent. Some of the facts were stipulated and are so found. Petitioner resided in Indianapolis, Indiana, at the time he filed his petition. FINDINGS OF FACT During the taxable years 1982 and 1983, petitioner was employed full-time as an over-the-road truck driver for American Freight System, Inc. of Sioux Falls, South Dakota. On Form 2106 attached to his 1982 U.S. Individual Income Tax Return, petitioner claimed unreimbursed meals expense of $5,175. Petitioner calculated this amount by multiplying the number of days he was away from home (225) by $23 per day. Similarly, on his 1983 return, petitioner claimed unreimbursed meals expense in the amount of $5,975. This amount was arrived at by multiplying 239 days at $25 per day. Petitioner provided no receipts, expense register or log of his meal expenses *213 for these years. Respondent has administratively allowed petitioner unreimbursed meals expense in the amounts of $3,150 and $3,346 for the 1982 and 1983 tax years, respectively. These amounts were arrived at by multiplying 225 and 239 days of travel by a rate of $14 per day. For each of the years in issue, petitioner claimed a head of household filing status and dependency exemptions for several of his children as well as his ex-wife. Petitioner was married to Louise Kieffer (Louise) from 1954 to 1976. Pursuant to the divorce decree of the Circuit Court of Marion County, State of Indiana, dated November 15, 1976, Louise was granted a decree of dissolution of her marriage to petitioner and petitioner was granted custody of the couple's seven children. At that time, the children's ages ranged from 13 to 20 years. [2] After the 1976 divorce, Louise continued to live in the family home with petitioner and their children. Louise held no outside employment during the years 1982 and 1983. Petitioner paid all personal, living and household expenses of himself, Louise, and their children for 1982 and 1983. In October 1983, petitioner and his ex-wife had another child named Andrew. Respondent *214 allowed deductions for all of petitioner's children claimed as dependency exemptions in the taxable years. However, respondent disallowed the dependency exemptions petitioner claimed for Louise, his ex-wife. OPINION Section 162(a) allows a deduction for the ordinary and necessary expenses paid or incurred in carrying on a trade or business including expenses for meals while away from home in the pursuit of business. However, section 274(d) provides that no deduction is allowable for any traveling expense (including meals while away from home) unless the taxpayer substantiates that expense by adequate records or by sufficient evidence corroborating his own statement. To meet the "adequate records" requirement, a taxpayer *215 must maintain an account book, diary, statement of expense or similar record and documentary evidence which, in combination, are sufficient to establish each element of an expenditure. Moreover, the account book must be maintained in such a way that each recording of an expenditure is made at or near the time of the expenditure. Section 1.274-5(c)(2), Income Tax Regs. See Sanford v. Commissioner,50 T.C. 823 (1968), affd. 412 F.2d 201 (2d Cir. 1969); cert. denied 396 U.S. 841 (1969). To meet the alternative "sufficient evidence" requirement, a taxpayer must establish the elements of an expenditure (i) by his own statement containing specific information in detail as to such elements, and (ii) by other corroborative evidence sufficient to establish such element. Sec. 1.274-5(c)(3), Income Tax Regs.
Petitioner presented no evidence to substantiate his claimed expenses for meals while away from home. Nevertheless, respondent has administratively allowed petitioner deductions amounting to $14 per day for meals purchased during 225 days of business travel in 1982 and 239 days of business travel in 1983. Petitioner bears the burden *216 of proving that he is entitled to deduct expenses exceeding those allowed by respondent. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Since petitioner did not keep any records of his expenses, he is unable to meet this burden. Therefore, respondent is sustained on this issue. Section 151(e) provides an exemption for each dependent as defined in section 152. Petitioner argues that he is entitled to a dependency exemption for Louise [3] under the provisions of section 152(a). That section provides that the term dependent means: any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer * * * (9) An individual (other than an individual who at any time during the taxable year was the spouse, determined without regard to section 143, of the taxpayer) who, for the taxable year of the taxpayer, has as his principal place of abode the home of the taxpayer and is a member of the taxpayer's household. It is clear that Louise Kieffer's principal place *217 of abode was the home of petitioner and that she was a member of his household during the entirety of the taxable years 1982 and 1983. Respondent recognizes that petitioner and his ex-wife do not hold themselves out to be husband and wife. He also concedes that cohabitation is not illegal in Indiana even though that state does not recognize common law marriage after January 1, 1958. [4] However, even though it is undisputed that petitioner paid all of his ex-wife's living expenses for 1982 and 1983, respondent argues that petitioner paid those expenses only in exchange for Louise's services of maintaining his household and raising their children. Thus, he asserts, those payments were not made due to motivations of charity, affection or moral obligation, but rather for the purpose of receiving a quid pro quo, and, therefore, should not be considered to constitute "support." Respondent has attempted to characterize the relationship between petitioner and his ex-wife as that of employer and housekeeper. We do not share this viewpoint for the following reasons. First, the record discloses that all of the children living with *218 petitioner in 1982 and 1983, except Andrew, were adults and available to assist with household tasks and childcare. This factor tends to discount respondent's position that petitioner paid his ex-wife's living costs because he required her services in caring for their children while he was on the road. Second, the fact that petitioner and Louise Kieffer had another child together in 1983 suggests rather strongly that the relationship between them was not merely that of employer and housekeeper. We believe that respondent's reliance on Hamilton v. Commissioner,34 T.C. 927, 928 (1960), is misplaced. In that case, we held that board and lodging furnished by the taxpayer to an old family friend in dire need of a home in return for light housekeeping chores performed by her, constituted remuneration and not "support" under section 152(a)(9). Petitioner is sustained on this issue. Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated, and any reference to "Rules" shall be deemed to refer to the Tax Court Rules of Practice and Procedure.↩
2. The children and their ages were listed in the decree as follows: Billy L. Kieffer, Jr., age 20 years, born March 3, 1956 Cynthia L. Kieffer, age 19 years, born March 28, 1957 Susan M. Kieffer, age 18 years, born March 20, 1958 Beverly Ann Kieffer, age 17 years, born July 4, 1959 Karen Lynn Kieffer, age 16 years, born August 19, 1960 Carolyn Jean Kieffer, age 14 years, born January 24, 1962 John Stephen Kieffer, age 13 years, born March 5, 1963↩
3. On his 1982 tax return, petitioner listed Louise Kieffer as "Ex-Wife-Takes care of our children."↩
4. Ind. Code Ann., sec. 31-7-6-5↩ (Burns 1986 Supp.).